**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**FILED**
**SCRANTON**

MAY 1 0 2011

PER _____

DEPUTY CLERK

| | | |
|---|---|---|
| SABAHUDIN TAHIC, | : | |
| Petitioner, | : | CIVIL NO. 11-CV-478 |
| | : | |
| v. | : | |
| | : | (JUDGE NEALON) |
| ERIC H. HOLDER, JR., et al., | : | (MAGISTRATE JUDGE CARLSON) |
| Respondents | : | |

**MEMORANDUM and ORDER**

On March 15, 2011, Petitioner, Sabahudin Tahic, filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States

Immigration and Custody Enforcement ("ICE") and requesting "that he will be released ... to

spend time with his family while [ICE] tries to obtain travel documents." (Doc. 1), citing

Zadvydas v. Davis, 533 U.S. 678 (2001) (establishing a six-month presumptively reasonable

period permitted to effectuate an alien's deportation following a final order of removal); Haynes

v. Dep't of Homeland Sec., 2005 U.S. Dist. LEXIS 13662 (M.D. Pa. 2005) (Vanaskie, J.)

(holding that where the execution of the removal decree has been stayed for an alien ordered to

be removed on the basis of his criminal convictions, the alien "has a constitutional right to a

meaningful individualized determination of his status pending adjudication of the validity of the

removal order").

Respondents filed a response to the habeas petition on April 6, 2011, arguing that

although "Petitioner's post-order detention has slightly exceeded the presumptively reasonable

six-month period", which began on September 28, 2010, "a travel document has been issued and

travel arrangements have been made to remove Tahic." (Doc. 6). Accordingly, Respondents

1

assert that Petitioner has not met his burden under <u>Zadvydas</u> because there is no evidence suggesting that his removal will not be effectuated in the reasonably foreseeable future. (<u>Id.</u>) (citing <u>Zadvydas</u>, 533 U.S. 678). Further, Respondents claim that Petitioner received custody reviews while in ICE detention and his constitutional rights have not been violated. (<u>Id.</u>).

On April 15, 2011, Magistrate Judge Martin C. Carlson filed a Report and Recommendation ("R&R") concluding that Petitioner's detention is not unconstitutionally excessive and that his removal is likely in the reasonably foreseeable future. (Doc. 8). Additionally, the Magistrate Judge determined that ICE conducted post-removal custody review and properly concluded, in light of Petitioner's criminal history, that his continued detention is warranted. (<u>Id.</u>). The R&R recommended that the habeas petition be denied without prejudice to renewal if at any time the delay and detention become unreasonable and excessive. (<u>Id.</u>). Further, Magistrate Judge Carlson advised ICE to "strive to expedite" Petitioner's prompt removal from the United States and return to his homeland. (<u>Id.</u>).

Service of the R&R was attempted on Petitioner, but unsuccessful. <u>See</u> (Doc. 9). Since, this Court has been informed that Petitioner was removed from the United States on or about April 16, 2011.

## Discussion

The instant habeas petition raised only the lack of due process in Petitioner's continued detention, not the constitutional basis for detention. (Doc. 1). "The distinction between a challenge to detention pending removal and a challenge to removal is critical." <u>Nguijol v. Mukasey</u>, 2008 U.S. Dist. LEXIS 95464, *2 n.1 (M.D. Pa. 2008) (Conner, J.) (citing <u>Kumarasamy v. Attorney General</u>, 453 F.3d 169, 173 (3d Cir. 2006)). Where a petitioner raises

solely the detention issue and is subsequently deported, the habeas petition must be dismissed as moot because it no longer presents an existing case or controversy. DeFoy v. McCullough, 393 F.3d 439, 441 (3d Cir. 2005) (concluding that "a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition"); Alvarez v. Sabol, 2010 U.S. Dist. LEXIS 13701, *3-4 (M.D. Pa. 2010) (Jones, J.) (citing Novas v. ICE, 303 Fed. Appx. 115, 118 n.3 (3d Cir. 2008)).

Here, Petitioner has already received the relief sought in the petition, namely release from custody; therefore, the habeas petition will be dismissed as moot.

It is also noted that no errors were found in the R&R. See Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating that in the absence of objections to an R&R, "the district court need only review the record for plain error or manifest injustice"). However, in light of Petitioner's removal after the R&R issued, the Magistrate Judge's recommendation will only be adopted in part.

United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SABAHUDIN TAHIC, | : | |
| Petitioner, | : | CIVIL NO. 11-CV-478 |
| | : | |
| v. | : | |
| | : | (JUDGE NEALON) |
| ERIC H. HOLDER, JR., et al., | : | (MAGISTRATE JUDGE CARLSON) |
| Respondents | : | |

## ORDER

**AND NOW**, this 10th day of MAY, 2011, **IT IS HEREBY ORDERED THAT:**

1.  The Report and Recommendation (Doc. 8) is **ADOPTED in part**;

2.  The petition for writ of habeas corpus (Doc. 1) is **DISMISSED as moot**;

3.  The Clerk of Court is directed to **CLOSE** this case; and

4.  Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

United States District Judge